KESSLER v. INKS.

(Circuit Court of Appeals, Seventh Circuit. April 9, 1901.)

No. 723.

PATENTS—INVENTION—CIGAR LIGHTERS.

The Gruhlke & Kessler patent, No. 562,395, for a cigar lighter, describes a device which, both in design and in its elements, was adapted from different prior ones invented by others, and is void for lack of invention.

Appeal from the Circuit Court of the United States for the District of Indiana.

R. S. Taylor, for appellant.

Louis K. Gillson, for appellee.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

GROSSCUP, Circuit Judge. The action below was to restrain the infringement of Letters Patent No. 562,395, issued June 23, 1896, to A. C. Gruhlke and W. F. Kessler. The improvement covered by the patent is a cigar lighter, of the suspended order, so arranged that the movement of the handle in the act of lighting the cigar ignites, automatically, through an electrode, the wick, and, by means of a tight chamber, extinguishes the wick, when the handle is released and drops into its place.

The cigar lighter charged as an infringement is practically of the same character, and operates in the same way; but is defended as a permissible adaptation of Letters Patent No. 492,913, issued March 7, 1893, to J. C. Chambers. In this latter patent both ignition and extinguishment of the flame is automatic.

In Eldred v. Kessler, 106 Fed. 509, the question was the counterpart of the one now before us, viz., whether a cigar lighter constructed after the patent issued to Kessler was an infringement of the Chambers patent.

Both these patents, together with others illustrating the art, are set out at large in the opinion in that case, and will not be reproduced here.

We held in that case that the prior art disclosed cigar lighters accomplishing the same general result as the Chambers and Kessler patents; and by analogous means, including the use of electricity; that, in at least one instance of the prior art, ignition was automatic; and that the means for extinguishing the flame, though not automatic, were convenient and effective; and we concluded that the invention of Chambers (and the same must be true of Kessler's) was in no sense generic.

It is urged in behalf of Kessler's device—and as differentiating it from the prior art—that extinguishment is effected by the bringing of a lighted wick into a chamber that becomes air-tight, whereby a smothering of the light ensues; that the electrode in the Kessler device is carried in a heavy beak, being itself a heavy piece of metal, and thus resistant against the necessary collisions; and that the device, taken as a whole (and upon this most stress is laid), is more convenient and sightly than any of its predecessors.

None of these features, in our opinion, are available to the appellant. His method of extinguishment is practically the same as that embodied in the Chambers patent. The difference in construction is one of form, rather than of mode of action.

The heavy beak utilized by Kessler is found practically in the Gibson and Best patents, both predecessors of the appellant's. Besides, as a novel feature of the patent in suit, it has been eliminated by the action of the Patent Office.

The argument from convenience and sightliness has no better foundation. Barring the extinguisher, the precise combination is found in the earlier gas lighters. Kessler did not first happen upon, or work out, the design. He simply appropriated it from the previous art. He did not happen upon, or work out, the extinguisher. He appropriated this, also, with a change of form, from the previous art. He thus had at hand, ready made, when he came into the field, lighters of these precise designs, barring the extinguisher; and lighters of slightly different designs, embodying the extinguisher. He did nothing but adapt the old extinguisher to a lighter constructed after the old designs; and this does not, in our opinion, in view of the well trodden previous art, amount to invention.

The decree of dismissal of the bill for want of equity is accordingly affirmed.